IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| vs. | ) CRIMINAL ACTION 1:20-00021-KD-B |
| | ) |
| FREDERICK TURNER, | ) |
|    Defendant. | ) |

**ORDER**

This matter is before the Court on Defendant's Motion to Proceed without prepayment of fees (*In Forma Pauperis)*, in which he requests free transcripts. (Doc. 243).

On January 30, 2020, Defendant Frederick Turner (Turner) was indicted for conspiracy to possess with intent to distribute cocaine, 21 U.S.C. § 846 (Count 1); possession with intent to distribute cocaine, 21 U.S.C. § 841(a)(1) (Count 2); and possession of a firearm in furtherance of a drug trafficking crime, 18 U.S.C. § 924(c) (Count 3). (Doc. 1). In the interests of justice, the Court appointed the Federal Public Defender (FPD) as counsel for Turner based on a CJA 23 Financial Affidavit revealing an income less than his monthly expenses and thus establishing his inability to employ counsel. (Doc. 10 (SEALED); Docs. 12, 126, 130). Subsequently, FPD counsel withdrew, and the Court appointed Criminal Justice Act (CJA) counsel for Turner. (Docs. 132, 133). On January 29, 2021, a non-jury trial was held and Turner was found guilty on all Counts.  On April 30, 2021, Turner was sentenced to 180 months with a five (5) year supervised release term.  (Doc. 198).

As noted *supra*, given his financial inability to employ counsel, court appointed counsel was appointed to represent Turner in this case through sentencing (FPD and CJA). Subsequently, Turner retained counsel for his direct appeal, William Keith Bradford. Specifically, on May 11, 2021, Turner – through his retained attorney -- filed a Notice of Appeal of the judgment, sentence, and the Court's rulings on his motion to suppress (and motion to reconsider). (Doc. 201). Through his counsel, on

June 23, 2021, Turner filed an Eleventh Circuit Transcript Information (order) and ordered copies of transcripts from the pretrial proceedings 11/12/20 and 1/27/21, trial 1/29/21, and sentencing 4/30/21. (Doc. 210). On July 22, 2021, the court reporter filed a Transcript Acknowledgement Form, stating that satisfactory arrangements for paying the cost of the requested transcripts had been made and the transcripts would be provided by an estimated date of 8/20/21. (Doc. 213). The record indicates that between 8/12/21 and 9/26/21, the court reporter made these transcripts available. (Docs. 215, 218, 219, 220).

In September 2021, Turner's appeal was initially dismissed by the Eleventh Circuit but was reinstated due to clerical error. (Docs. 216, 217). On September 29, 2022, the Eleventh Circuit affirmed the Judgment and the mandate issued on October 28, 2022. (Docs. 224, 225).

On February 13, 2023, Turner, then proceeding *pro se*, filed a Notice of Appeal of his sentence citing 18 U.S.C. § 3742. (Doc. 226). On March 6, 2023, Turner filed an Eleventh Circuit Transcript Information (order) Form requesting "all necessary transcripts on file." (Doc. 231). On March 7, 2023, the court reporter filed a Transcript Acknowledgment Form stating, in response, that all transcripts were "already filed." (Doc. 232). On March 15, 2023, the Eleventh Circuit dismissed Turner's *pro se* appeal for want of prosecution because he failed to timely pay the filing/docketing fees in this Court, or alternatively, file a motion to proceed IFP on appeal in this Court. (Doc. 234). On May 4, 2023, Turner wrote a letter to the Court requesting copies of transcripts (dated 1/27/21 and 11/12/20) stating that he had been trying to obtain the documents from his appellate attorney (1/27/21 suppression hearing transcript and 11/12/20 transcript) but had not been able to reach him in over a year. (Doc. 240 at 1). That same day, in response, the Court informed Turner that there would be a $10.00 fee for copies of the requested transcripts (100 pages for both hearings at $0.10/page) and that upon receipt of payment, copies would be produced and mailed to him. (Doc. 240-1). The Court added that it does not maintain discovery materials and so he would need to request such from

his attorney. (Id.)

On August 28, 2023, Turner filed the pending 28 U.S.C. § 1915 *in forma pauperis* (IFP) form motion, indicating that he has no income/assets and attaching his prisoner account balance for the prior six (6) months showing an average monthly balance of $58.87 and average monthly deposits of $244.28. (Doc. 243). Turner does not move to proceed IFP in any specific capacity, *only* for the Court to provide him with free transcripts while he prepares a Section "2255 and 3742" petition. "I am in the process of filing my 2255 and 3742, If the 2255 [ineligible] … I need transcripts to prepare for these issues. And I am in federal custody…" (Doc. 243 at 1). Turner fails to identify which transcripts are requested or the grounds for obtaining same at the government's expense at this juncture. Additionally, Turner had not filed a Section 2255 petition at this time. However, given the case history, Turner had apparently been unable to obtain the transcripts he paid for in 2021 from his appellate counsel (Doc. 240), and so now seeks free transcripts from the Court via the IFP motion.

Generally, a federal prisoner seeking to collaterally attack his conviction is not automatically entitled to free transcripts. United States v. MacCollom, 426 U.S. 317, 325-325 (1976). District courts are authorized to require the government's payment for the preparation of transcripts for indigents only in specific circumstances. This includes 28 U.S.C. § 753(f), which provides:

> Fees for transcripts furnished in criminal proceedings to persons proceeding under the … [CJA] … (18 U.S.C. 3006A), or in habeas corpus proceedings to persons allowed to sue, defend, or appeal in forma pauperis, shall be paid by the United States …. Fees for transcripts furnished in … section 2255 … to persons permitted to sue or appeal in forma pauperis shall be paid by the United States … if the trial judge or a circuit judge certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal.

In this case, Turner was represented by counsel on direct appeal and the docket indicates that counsel was provided with copies of the transcripts during said appeal. Thus, the relief Turner seeks presently, appears to have already been provided, suggesting he is not entitled to more. See, e.g., MacCollom, 426 U.S. at 326 ("a defendant's constitutional right of equal access to the courts was

satisfied by providing a defendant with a copy of his transcript on direct appeal and did not require an unconditional right to a transcript in collateral proceedings[]"); Hooks v. Roberts, 480 F.2d 1196, 1198 (5th Cir. 1973) (citations omitted) ("If a defendant is represented by counsel on appeal who has a copy of the trial transcript, there is no constitutional requirement that the defendant also be provided with physical custody of a copy …[]"); Smith v. Beto, 472 F.2d 164 (5th Cir. 1973) (same); Jones v. Boyd, 2008 WL 2951877, *1 (M.D. Ala. Jul. 30, 2008) (citations omitted) ("… an indigent defendant has no constitutional right to a personal copy of the criminal trial transcript when a copy of the transcript has been made available to … counsel…[]"); Walker v. Scarborough, 2007 WL 2784358, *1 (M.D. Ala. Sept. 24, 2007) (citations omitted) (same).[1]

Additionally, at the time Turner filed the motion for free transcripts, he had not filed a Section 2255 petition and there was no such petition pending. This means that Turner's motion was technically "premature" at the time it was filed. United States v. Hernandez, 431 Fed. Appx. 813, 814 (11th Cir. 2011) (citing MacCollom, 426 U.S. 317). "[A] motion for a free transcript pursuant to § 753(f) is not ripe until a § 2255 motion has been filed." Id. at 813. See also United States v. Adamson, 681 Fed. Appx. 824, 827 (11th Cir. 2017) (affirming the denial of a motion for documents

---

[1] See also e.g., In re Credico, 694 Fed. Appx. 102, 103 (3rd Cir. 2017) (internal citations omitted) (per curiam) ("… 753(f) …. does not clearly mandate that an indigent criminal defendant be given a personal copy of his trial transcripts when he is represented by counsel …[]"); Tran v. Epstein, 1995 WL 450972, *3 (E.D.N.Y. Jul. 19, 1995) (internal citations omitted) ("Although an indigent criminal defendant has the constitutional right to obtain free trial transcripts and other documents in order to appeal a conviction, that does not mean defendants are entitled to personal copies of the transcripts and other documents where they are represented by counsel who has already been provided with the documents … The constitutional right to such documents is satisfied by the attorney's access to the documents …[]"); Sullivan v. Sokolski, 1994 WL 105526, *3 (E.D. Penn. Mar. 30, 1994) ("… an indigent has a right to a free transcript of his criminal conviction for an appeal … because transcripts are so critical to effective appellate review … These concerns are not implicated … where an indigent is represented by counsel during a collateral appeal and his counsel has been provided with a full and complete transcript … Although the indigent may find a personal copy of the transcript convenient and useful, the Court finds no support for the proposition that the Constitution demands that the State must give him one free of charge[]"); Gay v. Watkins, 579 F. Supp. 1019, 1021-1022 (E.D. Pa. 1984) (when transcripts are provided to a prisoner's attorney, his constitutional rights are satisfied because the prisoner is not entitled to a separate, personal copy and has no constitutional right to such).

where no Section 2255 motion was pending). A defendant "is not entitled to obtain copies of court records at the government's expense to search for possible defects merely because he is an indigent." Id. The Eleventh Circuit "has never held that a prisoner's right of access to the courts entitles a prisoner-plaintiff, even one proceeding *in forma pauperis,* to free copies of court documents, including his own pleadings." Jackson v. Fla. Dept. of Fin. Servs., 479 Fed. Appx. 289, 292-293 (11th Cir. 2012) (citation omitted). "When a prisoner has not filed a motion to vacate his sentence ... the 'prisoner is not entitled to obtain copies of court records at the government's expense to search for possible defects merely because he is an indigent.'" United States v. Warmus, 151 Fed. Appx. 783, 787 (11th Cir. 2005). Indeed, a defendant may only request and obtain a copy of transcripts after filing a Section 2255 motion, showing such are necessary to the motion, and showing he is indigent.[2]

*Nevertheless*, on October 3, 2023, Turner filed a Section 2255 petition while the IFP motion remained pending. (Doc. 244). Given this procedural posture, the Court returns to Turner's contention that he has been unable to reach counsel to obtain copies of his transcripts. (Doc. 240 at 1). Turner's counsel is obligated to provide Turner with one copy of his client file at counsel's expense, and presumably said file would include the copies of the transcripts that appellate counsel ordered on his behalf during his direct appeal. See Alabama State Bar Ethics Opinion 2010-2. Retention, Storage, Ownership, Production and Destruction of Client Files ("A lawyer may not charge the client for the cost of providing an initial copy of the file to the client.") (Id. at

---

[2] See also Hansen v. United States, 956 F.2d 245, 247-248 (11th Cir. 1992) ("We agree with the Seventh Circuit that prisoners have a right of access to the court files of their underlying criminal proceeding. We do not agree, however, that this right extends to access to the records for the purpose of *preparing* a collateral attack on a conviction. We hold that a request by a prisoner for access to the court files of his underlying criminal conviction is premature prior to the filing of a collateral attack on that conviction; a prisoner is entitled to access to the court files only after he has made a showing that such files are necessary to the resolution of an issue or issues he has presented in a non-frivolous pending collateral proceeding.") (italics in original) (footnote omitted).

18).[3] Turner is responsible for picking up the copy at counsel's office. Id. at 19 ("… the client is responsible to make arrangements to pick up a copy of his file at the lawyer's place of business[]"). If Turner cannot, he is responsible for all costs for mailing/shipping the file. Id. Counsel may retain the copy until Turner has pre-paid the costs of mailing/shipping. Id. If Turner chooses to send an agent to pick up the copies, counsel "should insist on written authorization" from Turner, authorizing him to give the file to the agent, and should warn Turner that producing the file to a third-party agent "may defeat confidentiality and attorney-client privilege." Id.

Upon consideration, it is **ORDERED** that counsel William Keith Bradford shall **file a response,** on or before **November 13, 2023**, by filing a response to this Order: 1) explaining why Turner has not been provided with copies of the transcripts which were ordered on his behalf, paid for, and furnished in 2021 (as noted in Docs. 210, 213, 215, 218-220) (part of his client file); and 2) indicating any anticipated costs of shipping or mailing the transcripts to Turner. See, e.g., United States v. Doak, 2023 WL 6450522, *1 at n.2 (S.D. Ala. Oct. 2, 2023).

**DONE** and **ORDERED** this the **30th** day of **October 2023.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**

---

[3] Attorneys who practice in this Court are expected to adhere to the Alabama Rules of Professional Conduct. S.D. Ala. General L.R. 83.3 Admission to Practice, Subparagraph (i) ("Standards for Professional Conduct; Obligations. Attorneys appearing before this Court shall adhere to this Court's Local Rules, the Alabama Rules of Professional Conduct, and the Alabama Standards for Imposing Lawyer Discipline."). Rule 1.16 of the Alabama Rules of Professional Conduct states that "(d) Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as … surrendering papers and property to which the client is entitled.]"). Rule 1.15 explains the lawyer's responsibility as to the property of the client, i.e., the client's file. Ethics Opinion 2010-2 further explains that "[t]he issue relating to whom the file belongs was decided in Formal Opinion 1986-02 wherein we held that the materials in the file furnished by or for the client are the property of the client" and that Rule 1.15 "imposes an ethical and fiduciary duty on the lawyer to ... promptly produce it upon request by the client." Id. at 3.