IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **FREDERICK TURNER, # 17954-003,** | * |
| | * |
| Petitioner, | * |
| | * CRIMINAL NO. 20-00021-KD-B |
| vs. | * CIVIL ACTION NO. 23-00378-KD-B |
| | * |
| **UNITED STATES OF AMERICA,** | * |
| | * |
| Respondent. | * |

**ORDER**

This matter is before the Court on Petitioner Frederick Turner's "Motion for Extention of time to file Supplemental attachment to grounds of 2255 and reply breif" (Doc. 252) and "Supplemental Grounds to 2255" (Doc. 254).

The record reflects that Turner filed a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 on September 27, 2023.[1] (Doc. 244). Pursuant to the Court's order (Doc. 245), Turner filed an amended § 2255 motion on November 1, 2023, which is now his operative pleading in this matter. (Doc. 247). The Court ordered the Government to file a response to Turner's amended

---

[1] Under the mailbox rule, "a *pro se* prisoner's motion to vacate is deemed filed the date it is delivered to prison authorities for mailing." Adams v. United States, 173 F.3d 1339, 1341 (11th Cir. 1999) (per curiam). Absent evidence to the contrary, that date is presumed to be the date the prisoner signed the motion. Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001) (per curiam). Turner's initial § 2255 motion stated that it was signed and placed in the prison mailing system on September 27, 2023. (See Doc. 244 at 12).

§ 2255 motion by January 8, 2024, and Turner was required to file any reply to the Government's response by February 8, 2024. (Doc. 248).

On January 8, 2024, the Government filed a response in opposition to Turner's amended § 2255 motion. (Doc. 251). On February 5, 2024, Turner filed the instant motion requesting an extension of time to file a reply to the Government's response, as well as an extension of time to file a supplement to his § 2255 motion. (Doc. 252). The motion indicates that upon reviewing documents recently received from his appellate counsel, Turner "discovered other constitutional violation alon[g] with more ineffective assistance of counsel" and seeks to assert these matters as additional grounds for relief under § 2255. (Id. at 2). To the extent Turner is requesting an extension of time to file a reply to the Government's response in opposition to his amended § 2255 motion, Turner's motion for extension of time (Doc. 252) is **GRANTED**.[2]

As noted *supra*, Turner's motion also requested an extension of time to file a supplement to his § 2255 motion. (See id.). Shortly after he filed his motion for extension of time, Turner filed a document on notebook paper titled "Supplemental Grounds to 2255." (Doc. 254). In the supplement, Turner appears to raise

---

[2] Turner filed a reply to the Government's response on February 14, 2024 (Doc. 253), which the Court will treat as timely.

2

two additional grounds for relief relating to alleged speedy trial violations that were not included in his operative § 2255 motion. (See id.).

As the Court previously informed Turner, Rule 2(b) of the Rules Governing Section 2255 Proceedings requires that a petitioner "specify all the grounds for relief available to the moving party" and "state the facts supporting each ground" in his § 2255 motion. Rules Governing § 2255 Proceedings, R. 2(b)(1)-(2). Rule 2(c) further provides that a § 2255 motion "must substantially follow either the form appended to these rules or a form prescribed by a local district-court rule." Id. at R. 2(c). Moreover, Civil Local Rule 9(a) provides that "[a]ll persons . . . moving under 28 U.S.C. § 2255 to challenge a sentence imposed by this Court, must file their . . . motion with the Clerk using forms available from the Court." S.D. Ala. CivLR 9(a).

"Under Rule 12 of the Rules Governing § 2255 Proceedings, a district court may apply the Federal Rules of Civil Procedure in a lawful manner consistent with the Rules Governing § 2255 Proceedings." Farris v. United States, 333 F.3d 1211, 1215 (11th Cir. 2003); see Rules Governing § 2255 Proceedings, R. 12. Rule 15(a) of the Federal Rules of Civil Procedure permits a party to amend a pleading once "as a matter of course" no later than twenty-one days after serving it or twenty-one days after service of a responsive pleading. Fed. R. Civ. P. 15(a)(1). Otherwise, a party

3

may amend a pleading "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2).[3]

Turner did not amend or supplement his § 2255 motion within twenty-one days after service of the Government's response. (See Docs. 251, 252, 254). Therefore, if Turner wishes to raise additional claims not included in the operative § 2255 motion (Doc. 247), he must seek and obtain leave to amend. Because Turner's supplement raises grounds for relief that were not included in the prior § 2255 motion, and that he did not obtain leave to raise, they are not properly before this Court. See Lantigua v. United States, 2023 U.S. Dist. LEXIS 34205, at *38-39, 2023 WL 2303050, at *14 (M.D. Fla. Mar. 1, 2023) ("If a petitioner wishes to raise additional claims not included in the original pleading, he must move for leave to amend. See Fed. R. Civ. P. 15. To the extent Petitioner raises claims not included in the § 2255 Motion, and

---

[3] Rule 15(c) of the Federal Rules of Civil Procedure allows an amended pleading to relate back to the date of the original pleading and causes an otherwise untimely claim to be considered timely when, in relevant part, "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." Fed. R. Civ. P. 15(c)(1)(B). "In the habeas context, it is not enough for the later pleading to concern the same legal proceeding as the original motion." Wilcher v. United States, 808 F. App'x 938, 940 (11th Cir. 2020) (per curiam). "Rather, to relate back, the original and amended pleadings must 'state claims that are tied to a common core of operative facts.'" Id. at 940-41 (quoting Mayle v. Felix, 545 U.S. 644, 664 (2005)).

that he did not obtain leave to raise, they are not properly before the Court.") (internal record citation omitted).

Accordingly, Turner's document titled "Supplemental Grounds to 2255" (Doc. 254) is **STRICKEN**. To the extent Turner seeks to raise additional grounds for relief not included in his operative amended § 2255 motion (Doc. 247), he must file a motion for leave to amend his amended § 2255 motion on or before **March 18, 2024**. Turner's motion for leave to amend "must state specifically what changes are sought by the proposed amendments." S.D. Ala. CivLR 15(b). In other words, if Turner seeks to change his § 2255 motion by adding additional grounds for relief, he must specifically state in his motion for leave to amend what new grounds for relief he intends to raise and why they were not raised in his prior 2255 motion. In addition, Turner must file a proposed second amended § 2255 motion as an attachment to the motion for leave to amend. See id. ("The proposed amended pleading must be filed as an attachment to the motion to amend."). The proposed second amended § 2255 motion must be on this Court's required form for a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255; it must strictly comply with the requirements of Rule 2 of the Rules Governing Section 2255 Proceedings;[4] and Turner must fully

---

[4] Turner must <u>separately</u> list all grounds for relief that he intends to raise, and the facts supporting each of his grounds for relief, in Section 12 of the motion form. This includes listing each of his discrete claims of ineffective assistance of counsel

5

complete all applicable sections and strictly follow the format set out in the motion form. If Turner does not file a motion for leave to amend by March 18, 2024, the Court will take his operative amended § 2255 motion (Doc. 247), which has been fully briefed, under submission.

**DONE** this **16th** day of **February, 2024.**

                                        **/s/ SONJA F. BIVINS**
                                     **UNITED STATES MAGISTRATE JUDGE**

---

as a separate ground for relief. If additional pages are needed to list each of Turner's grounds for relief or the supporting facts for his grounds for relief, those pages must strictly follow the format set forth in Section 12 of the motion form.